HAROLD ZETERSTROM vs. HERBERT C. THOMAS.

Third Judicial District, New Haven, June Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Bailment may be defined as a delivery of property in trust, upon a contract, express or implied, that the trust shall be duly executed and the property restored by the bailee as soon as the purpose of the bailment shall be answered.

In the present case the plaintiff, who owned a motorcycle, had collided at night with an automobile and both he and his cycle were injured; and the latter was left at the place of the accident when its owner was taken to the hospital. Early the next morning the police department called up the defendant by telephone and asked him to go up to the scene of the accident and get the motorcycle which he agreed to do, but upon his arrival he found that the machine had been secretly removed during the night. Held that under these circumstances the defendant was not responsible for the loss of the motorcycle upon the theory that he was a bailee and as such was negligent in the discharge of his duty.

Argued June 5th—decided July 23d, 1918.

ACTION to recover damages for an alleged breach of duty as bailee of the plaintiff's motorcycle, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Wolfe, J.;* verdict for the plaintiff for $150, which the trial judge set aside as against the evidence, and from this action the plaintiff appealed. *No error.*

*Walter J. Walsh,* for the appellant (plaintiff).

*Charles F. Roberts,* for the appellee (defendant).

RORABACK, J.   The complaint alleges that in October, 1916, the plaintiff was riding a motorcycle upon a highway in the town of Orange, when he collided with a motor vehicle and was seriously injured; that certain police officials of the town of Orange took charge of the motorcycle, and one of them authorized and employed the defendant to remove the machine in question, which was slightly damaged because of this collision; that the defendant accepted such employment and undertook to remove the motorcycle from the highway to his garage in the town of Orange, but negligently and carelessly left the same unsecured, without anyone to guard it, so that the motorcycle was taken by some person or persons unknown to the plaintiff, and the plantiff has never been able to recover possession of the machine.

The defendant's motion to set aside the verdict was properly granted, for it appears from the evidence that about nine thirty o'clock at night on October 10th, 1916, the plaintiff and a companion were riding a motorcycle along the highway in the town of Orange, when he collided with an automobile. The force of the collision threw the plaintiff off his machine, caused a severe injury to him, and he was removed to the hospital. The fact of the collision was communicated to

the police headquarters of the town of Orange. The chief of police of this town requested the defendant to send a car to take him to the place of the accident. The defendant took a light touring-car and carried the officer to the place of the collision, which was about four miles distant from the defendant's garage. This was about eleven o'clock at night. The defendant refused to permit the motorcycle to be loaded into his car because of its size and weight. After an unsuccessful attempt to remove the motorcycle from the highway, the defendant carried the officer back to police headquarters, where a report was made of the collision. After the matter had been reported to police headquarters, the defendant went to his home. Early in the morning of October 11th, the defendant was called up by an officer of the police department and requested by him to go up in the morning and get the plaintiff's machine. This the defendant agreed to do. When the defendant attempted to obtain possession of the plaintiff's machine it could not be found, as some one had removed it during the latter part of the night.

It is plain from the evidence that the defendant did not stand in the relation of bailee of the plaintiff when his property was surreptitiously taken from the highway. While it is true that there are a number of different kinds of bailments, the different kinds are of the same general character, and for the purposes of this case the word may be defined to be "a delivery of goods in trust, upon a contract, express or implied, that the trust shall be duly executed, and the goods restored by the bailee, as soon as the purpose of the bailment shall be answered." This is a standard definition of this word, and in the present case there can be no difficulty in understanding its application to the facts presented by the record. The evidence plainly shows that the plaintiff's property was never for a moment in the

defendant's possession as bailee, nor does it appear that there was any acceptance of the article by the defendant, as the law of bailment requires. The record clearly indicates that the verdict of the jury was one which could not have been reasonably reached from the evidence, and that it was properly set aside by the court below.

There is no error.

In this opinion the other judges concurred.