SCHAUER, J.
The evidence establishes that for a fee plaintiff purchased a license to park her automobile on land owned and maintained by defendant for the purpose of affording convenient parking space to its patrons. For the fee she was permitted to and did drive her car onto defendant’s land, park it, lock it and leave it while she was temporarily on another part of defendant’s premises attending a horse racing event. During plaintiff’s absence from her car while it was so parked it was removed and many of its parts and accessories were stolen. Plaintiff sued defendant and recovered judgment on the theory that a contract of bailment was breached and that the bailee was responsible to the bailor on the principles enunciated in U Drive, etc., v. System Auto *Supp. 842 Parks, (1937) 28 Cal. App. (2d) (Supp.) 782 [71 Pac. (2d) 354]. Defendant appeals and the judgment must be reversed because the evidence is not sufficient to establish that a bailment was created.
The parking area apparently was enclosed and at the entry plaintiff was required to pay the fee and she received a ticket reading, in part, “AUTO PARK This Ticket LICENSES the Holder to Park ONE AUTOMOBILE in This Area LOCK TOUR CAR The Management hereby declares itself NOT RESPONSIBLE for Theft, Fire, or damage to any Car or Article left in same”. Defendant did not take possession of plaintiff’s car; the keys to it were retained by plaintiff and she was at all times entitled to remove it without surrendering the parking ticket or identifying herself as the owner of the vehicle.
Under the circumstances depicted a contract of bailment is not shown. The mere fact that an automobile was locked and the keys retained by the owner would not necessarily preclude a finding that a contract of bailment existed; locked trunks and other objects are commonly deposited for safekeeping and the bailment of “fastened” articles is recognized in section 1835 of the Civil Code. But in order to constitute a bailment, possession of the article must be given the bailee (8 C. J. S. 248, 249; see, also, Civ. Code, secs. 1814, 1815); he cannot be responsible for redelivering that which has not been delivered to him. Since here the plaintiff reserved at all times possession of the car in herself, defendant acquiring no dominion over the vehicle nor any right to control removal of it, there was no bailment. Plaintiff, for the fee, acquired a mere license to park her car on defendant’s premises. Defendant assumed no responsibility for safe-keeping such car and is not liable for its theft or damage. Upon a quite similar state of facts the Supreme Court of Alabama reached the same conclusion. (Ex parte Mobile Light & R. R. Co., (1924) 211 Ala. 525 [101 So. 177, 34 A. L. R. 921]; see, also, annotation and cases reviewed in 34 A. L. R. at 925 et seq.)
The judgment is reversed and the cause is remanded' to the municipal court for a new trial, appellant to recover its costs of appeal.
Shaw, P. J., and Bishop, J., concurred.