ELLA REIMERS, Appellant, v. FRED PETERSEN, Appellee.

No. 46721.

MAY 7, 1946.

Ross L. Sifford, of Carroll, and Douglas Rogers, of Manning, for appellant.

White & Bruner, of Carroll, for appellee.

HALE, J.— ██  Plaintiff, in November 1943, agreed to pay defendant $2 per month for the use of a space in the basement of his garage building in which other patrons' cars were stored. This basement extended from Main Street on the east to an alley on the west, on which was the only car entrance, eight and one-half feet wide. The room was rectangular except for a portion cut off at the northwest corner, thirty feet east and west by twenty-five feet north and south. Dimensions of the basement room were: beginning at the northeast corner, thence sixty-two and one-half feet south, thence west one hundred thirty feet, thence north thirty-seven and one-half feet, thence east thirty feet and north twenty-five feet to exclude the offset, and thence east one hundred feet. The south side of the west door was twenty-one feet north of the southwest corner of the basement.

·Plaintiff rented the storage space for her car, and as she wanted to go in and out when she pleased, the proprietor, defendant, furnished her a key to the door. The rented space was at the extreme east side of the basement, straight ahead of the entrance door at the west, with some posts on each side of the passageway. When she rented the space the defendant told her that she should always put her car in her own space and never put it in anyone else's because they had had trouble before. She had her car in her usual place on the night of December 8th. Defendant's employees were working in the garage until about 3:45 in the morning. During the evening a driver of an ambulance owned by the State University Hospital sought to store the vehicle in this garage. After some discussion he was allowed to place the ambulance in the basement storage room behind the car of plaintiff. The switch key was left in the ambulance. At 4:45 on the morning of December 9th a fire was discovered in the upper part of the building. The plaintiff, who lived a short distance away, was awakened and proceeded to the garage. She testified that she entered the basement three

times, and that she started to back her car out but did not succeed, being blocked by the ambulance; and her car, with all the others in the basement except one, was destroyed.

The fire swept through the building rapidly. One witness, who arrived about five minutes after he heard the alarm, testified that the front end of the building was too hot to stay in eight minutes after the alarm. Another. estimated that it was something like six minutes after the alarm that the basement had become too hot to enter. The car belonging to Mentzer, which was located north and west of the ambulance, was the only one saved. There is no record that the defendant promised to keep the alleyway free, nor is there any explanation of how the fire was caused, and it is not claimed or shown that there was any service to be performed upon plaintiff's car except once when she had some work done on the battery. Otherwise, she only rented and paid for the space where the car was stored.

The court in its instructions submitted to the jury as a ground of negligence only the parking of the ambulance in the vicinity and back of the space where plaintiff's car was already parked. The jury returned a verdict for the defendant, and the plaintiff's motion for new trial was overruled and she appeals. Plaintiff assigns various errors. We have found it difficult to consider her argument in relation to the assigned errors. We have, however, endeavored to consider such assigned errors as presented.

I. The court's instructions are assailed by general objections, complaining that some of the important facts are misstated, others not mentioned; that the questions raised were not presented to the jury; that applicable law should have been stated without request. But plaintiff, with one or two exceptions, fails to point out or specify wherein the court erred or failed to instruct. This complaint is too general to consider. One specified objection is that the court told the jury that defendant's employees "permitted" the ambulance driver to park where he did instead of that they "directed" him. But plaintiff, in her petition, states that they were "directed and permitted." We think the evidence of the conversation between the driver and employees warranted the use of the word "permitted," nor was the use of the word of any serious consequence.

Plaintiff objects to the failure of the court to state to the jury the allegation of her petition that defendant permitted persons to smoke, notwithstanding the presence of gasoline and fumes, and permitted gasoline motors to remain in the room with motors running. But there was no evidence as to the cause of the fire, which did not originate in the basement.

The most serious objection to these complaints is that, except as to instruction 11, there was no exception taken to any instruction. The objections not having been presented to the court they cannot be considered here. We have, however, fully examined all the instructions and find that they satisfactorily presented the issues and the law, and we find no error as to them.

The objection to instruction 11, though informally made, may be considered. It is, of course, the general rule that each instruction must be read in connection with all others. The exception to instruction 11 consisted of a colloquy between the judge and the counsel when the first draft of the instructions was presented to them. As we gather from the record, plaintiff's counsel contended that defendant could not be relieved of liability because he did not foresee the result of the negligent parking, if it was a circumstance which ordinarily would be included and the hazard was there. Counsel said the instruction would seem rather narrow because it left a question as to what he (the defendant) might have anticipated rather than what an ordinarily prudent man would have anticipated, and suggested that the last clause of the instruction should be amended to read: "whether or not the defendant should have anticipated that the parking of the ambulance as it was parked might have resulted in damage is for you to determine, then determine whether the defendant should have anticipated the possible loss by fire if he had acted as a reasonable and prudent man."

An examination of the instruction shows that this objection is without merit. The court, throughout the instruction, referred not to what defendant would or should do but to what an ordinarily prudent person would or should do. The last clause of the instruction, to which objection was made, merely

submitted to the jury whether the defendant should have anticipated that the parking of the ambulance as it was might result in damage to the plaintiff, and advised them it was a question which was for the jury to determine.

■ II. Plaintiff argues that the transaction for storing the car constituted a bailment. This court has, in various cases involving storage, so designated the contract where the possession of the bailee was exclusive. Walters v. Sanders Motor Co., 229 Iowa 398, 294 N. W. 621; Hunter v. Ricke Bros., 127 Iowa 108, 102 N. W. 826. But in the instant case there was not so much a contract for the care of the car as a lease of space. There was no delivery to the garage proprietor nor acceptance of possession. 8 C. J. S. 247, 248, section 15; 6 Am. Jur. 191 et seq., sections 63–68. In 6 Am. Jur. 192, section 65, in referring to the nature of delivery, it is stated that there must be such a full transfer, either actual or constructive, of the property to the bailee as to exclude the possession of the owner and all other persons and give to the bailee, for the time being, the sole custody and control thereof. Editorial annotations to Zeterstrom v. Thomas, 92 Conn. 702, 104 A. 237, as reported in 1 A. L. R. 392. And there must be a lawful severance of possession and ownership to constitute a bailment. Doyle v. Burns, 123 Iowa 488, 497, 99 N. W. 195; 6 Am. Jur. 153, section 27. The record does not indicate that these essentials were present.

As to similar transactions, see Zucker v. Kenworthy Bros., 130 N. J. Law 385, 33 A. 2d 349, where the agreement, similar to the one at bar, was held not a bailment. Porter v. Los Angeles Turf Club, Inc., 40 Cal. App. 2d Supp. 840, 105 P. 2d 956; Panhandle South Plains Fair Assn. v. Chappell, Tex. Civ. App., 142 S. W. 2d 934, and cases cited.

Under the circumstances shown by the record in this case, it is not a matter of importance whether the transaction be regarded as a bailment or otherwise. Defendant was not an insurer, and in a case of this kind the rule as to bailments is that when the bailed property is destroyed the presumption that the loss arose from bailee's lack of care is overcome when it is shown to have occurred through the operation of forces over which the bailee had no control, and it then becomes incumbent on the bailor to disprove the asserted cause of loss or to show that

the bailee's want of care co-operated with the destroying cause. Hunter v. Ricke Bros., supra, and cases cited. See, also, editorial note and cases cited in 43 L. R. A., N. S., 1178. So that, whether or not the transaction is considered a bailment, the plaintiff, under this record, must establish that her loss was from the pleaded negligence.

■ III. Plaintiff argues that where the tenant is granted no more than the right to use in common with other tenants, the landlord is chargeable with negligence if he fails to exercise reasonable care to keep the common passageways in proper condition, and if he does not do so he is liable to the tenant for injuries occasioned by such failure. This rule, in substance, was stated in the instructions, and there was also submitted the question as to whether the parking of the ambulance constituted negligence, and if so, whether it was the proximate cause. The jury were told that if they found that plaintiff's car would have been destroyed irrespective of the parking of the ambulance the plaintiff could not recover. We have, at various times, so held. See Eclipse Lumber Co. v. Davis, 196 Iowa 1349, 195 N. W. 337, where the question of proximate cause is fully reviewed and many authorities cited; Dennis v. Merrill, 218 Iowa 1259, 257 N. W. 322; Dubuque Wood & Coal Assn. v. City and County of Dubuque, 30 Iowa 176; Dahna v. Clay County Fair Assn., 232 Iowa 984, 6 N. W. 2d 843.

■ IV. Appellant claims error in exclusion of evidence relative to the value of the car. The plaintiff had testified as to its value. Witness Gotch was asked during the morning session of the court what he would say a two-door sedan like Mrs. Reimer's was worth on December 9, 1943, to which he responded: "I wouldn't be able to answer that. Wouldn't swear that her car was a 1938 or 1939, I couldn't say." In the afternoon he was recalled and again asked: "Now, from your knowledge of the car and your experience as a garage man, what would be your opinion as to the value of that car in December, 1943, assuming that it was in practically the same condition as it was when you worked on it in August, 1942?" Objection was made by the defendant that the witness had already testified that he did not know, and for the further reason that it was incompetent,

irrelevant, and immaterial, and no foundation had been laid for that question. The court sustained the objection and stated: "The witness disqualified himself on examination this morning." We think the court was right, the witness having testified that he did not know. Even if the sustaining of the objection was erroneous, since the jury was not called upon to determine the value of the car and decided for the defendant, the question of its value became immaterial.

The final assignment of error is merely general and a repetition of the matters we have already discussed. A motion to dismiss this appeal was filed by defendant and was ordered submitted with the case. We have considered the appeal on its merits and it is unnecessary to determine the motion. The case was properly submitted to the jury, no error appears, and the cause should be and is affirmed.—Affirmed.

BLISS, C. J., and OLIVER, MILLER, GARFIELD, SMITH, MANTZ, and MULRONEY, JJ., concur.

WENNERSTRUM, J., not sitting.