MRS. OLA B. FREEMAN AND MRS. DOROTHY BARRETT v. MYERS
AUTOMOBILE SERVICE COMPANY, INC.

(Filed 20 November, 1946.)

**1. Bailment § 1: Landlord and Tenant § 1—**

An agreement obligating the operator of a parking lot to permit park-
ing at any convenient place in the lot constitutes a customer a mere
licensee, while assignment of a designated place in the lot for designated
period of time constitutes the agreement a lease, but a bailment is not
created unless there is a delivery to and acceptance of possession of the
automobile by the operator of the lot, giving him for the time sole and
exclusive custody and control thereof.

**2. Bailment § 7—**

This action was instituted by the owner of an automobile against the
operator of a parking lot to recover for the theft of the car upon the
theory of bailment. The uncontroverted evidence tended to show that
the contract signed by plaintiff obligated defendant to permit the vehicle
tendered by the holder of the stub to occupy parking space in the lot, that
ordinarily the driver parked and removed car herself, taking the keys
with her, but that on the occasion in question the driver left the vehicle
at the gas pumps on the lot with the keys in the car, and that the car
was taken by a person unknown. *Held:* The evidence being insufficient
to show a contract of bailment, defendant's motion for judgment as of
nonsuit was properly allowed.

APPEAL by plaintiffs from *Olive, Special Judge,* at Extra Special
May Term, 1946, of MECKLENBURG. Affirmed.

This is an action to recover damages for the loss of an automobile
wherein at the close of the evidence the court sustained the defendant's
motion duly lodged under G. S., 1-183, for judgment as in case of nonsuit.

*Cochran, McCleneghan & Lassiter for plaintiffs, appellants.*
*James B. Craighill and Tillett & Campbell for defendant, appellee.*

SCHENCK, J. The sole question presented on appeal to this Court is:
Did the court below err in allowing motion for judgment as of nonsuit?
There is no serious conflict in the evidence. It establishes that there
was a contract between the plaintiffs and the defendant; that the defend-
ant operated a parking lot, that the defendant had two types of contracts
with its regular customers who paid by the month for parking privileges.
The type of contract entered into with the plaintiffs contained the
following provisions: "In consideration of the agreements hereinafter
set out and the regular monthly parking charge paid by the holder of
the other half of this ticker, Myers (defendant) agrees to permit the
vehicle tendered by the said holder to occupy space on the Myers lot

shown below for not exceeding 30 days from the date hereof. . . . The holder agrees: 1. That Myers shall not be liable under any circumstances for loss or damage to said vehicle or its contents because of fire, theft, collision or anything else, whether due to negligence on the part of agents of Myers or not, and whether said vehicle is parked by an agent of Myers or not, unless a special monthly parking charge of $10.00 is paid and a special monthly parking ticket is procured." The fee paid by the plaintiffs, as was paid by other customers entering into this type of contract, was $4.00 per month, and the monthly fee paid by customers entering into the other type of contract available from the defendant to customers was $10.00 per month.

On 15 September, 1945, the plaintiffs, having entered into the said first described type of contract with the defendant, signifying their agreement to its terms by signing a memorandum thereof and receiving a copy thereof on a stub, and renewing it, in accordance with its terms, from month to month, parked the automobile belonging to them on defendant's lot for several months prior to said date. Mrs. Barrett left the said automobile on the said lot and left the keys in said automobile, her custom, however, being to take the keys with her to the office, and when she wanted to take the car out of the lot she went around to look for it herself. On the date aforesaid, 15 September, 1945, Mrs. Barrett drove up to defendant's parking lot at about 3:00 o'clock p.m., and stopped her automobile in front of the pumps about 10 or 15 feet from the sidewalk on Tryon Street, and got out of the automobile and walked away. When she returned the car was not there, and it has never been found. She reported the facts to the employees of the defendant, and the defendant made an investigation of the circumstances.

The evidence fails to establish a contract of bailment as contended by the plaintiffs. The legal principles affecting liability depend upon the relationship between plaintiffs and defendant, together with any expressed obligations, or those properly to be inferred from the circumstances. To constitute a bailment the bailee must have assumed the custody and possession of the property for another, and if there was only permission given, though for a reward, to park at any convenient place in the lot, without any assumption of dominion over the property or custody of it in any respect, the status created was a mere license. If a designated place on the lot was assigned to the owner of the car the status was that of a lease, but the status of bailment was not created under either circumstance. A bailment is not created unless there is a delivery to and an acceptance of possession of the article by the bailee. The rights and liabilities of the parties to a bailment are primarily determined by the contract and bailment purpose. The following principles, however, are common to all classes of bailments: "(b) There must be a delivery. . . . (c) There must be a voluntary acceptance by the bailee."

*Hanes v. Shapiro & Smith,* 168 N. C., 24 (29), 84 S. E., 33. Since there is no evidence either of delivery or of acceptance of possession of the automobile by the defendant, or of total surrender of control of the automobile by the plaintiff there was no bailment created.

"To constitute a bailment there must be a delivery by the bailor and acceptance by the bailee of the subject matter of the bailment. It must be placed in the bailee's possession, actual or constructive. 6 Am. Juris., 191. 'There must be such a full transfer, actual or constructive, of the property to the bailee as to exclude the possession of the owner and all other persons and give the bailee for the time being the sole custody and control thereof.' 6 Am. Juris., 192." *Wells v. West,* 212 N. C., 656, 194 S. E., 313. The agreement between the plaintiffs and defendant in the instant case was embodied in a written contract signed by Mrs. Barrett for the plaintiffs wherein the defendant only undertook to permit the plaintiffs' automobile to occupy space in its lot.

Since the allegations of the instant case are bottomed very largely, if not entirely, upon the theory of bailment, and since there is no evidence tending to show a bailment, the lower court was correct in sustaining the motion for judgment as of nonsuit, and it becomes supererogatory to discuss the other interesting points set forth in the briefs, as irrespective of the opinion this Court may have thereupon, the answer to the sole question posed involving the correctness of the court's ruling upon the motion for a judgment as of nonsuit could not be affected thereby.

The judgment below is

Affirmed.