STATE OF IOWA ex rel. JOYCE SCHMIDT and JOYCE SCHMIDT, appellant, v. LEO BACKUS, JR., appellee.

No. 52198.

DECEMBER 13, 1966.

Phil Gross, of Sumner, for appellant.

Walter W. Rothschild, of Waterloo, for appellee.

STUART, J.—This is an action to have defendant adjudged the father of a child born to Joyce Schmidt, September 29, 1965.

The jury returned a verdict for defendant. The State, ex rel. Joyce Schmidt, has appealed from the judgment thereon assigning as error the failure of the trial court to grant a new trial because of error (1) in the giving of a verdict urging instruction and (2) in sustaining objection to certain rebuttal testimony. The second alleged error is determinative of this matter.

I. Both defendant and Miss Schmidt testified they had intercourse early in the morning of January 3, 1965, which was the date of conception established by her doctor. The dispute is over whether defendant completed the act of intercourse by ejaculating. Miss Schmidt testified he did. Defendant testified he did not. Both testified defendant had been drinking.

On rebuttal plaintiff offered to prove by plaintiff's doctor that "the human male is able to attain or achieve ejaculation without having absolute knowledge thereof * * * it is possible for the human male to have ejaculation in whole or in part without knowledge that the ejaculation had taken place." Objection was sustained on the ground that no proper foundation had been laid for the doctor's testimony. The objection was based on answers elicited from the doctor on the following voir dire examination as to his qualifications:

"Q. Have you made any particular study on that subject, have you read any books on it or are there any books written on this subject? A. State that question again whether a man can reach ejaculation or reach ejaculation—

"Q. Without feeling? A. Without feeling?

"Q. Yes. A. Well, certain men can if they have certain neurological defects of the nervous system.

"Q. Are you talking from knowledge through medical experience or just from common knowledge of your own? A. Well, some medical experience but I have never made a complete study of it.

"Q. Would you term yourself to be an expert in this field? A. What in?

"Q. In the field of whether a man can have an ejaculation without feeling the effects of the ejaculation? A. Well, I am not a urologist. I suppose I would have to be a urologist to be an expert in that field.

"Q. That would be the proper designation of an expert in this field, is that correct? A. Yes."

■ The general rule in Iowa is that a physician need not be a specialist in the particular field of medicine in order to express an opinion as an expert. Shover v. Iowa Lutheran Hospital, 252 Iowa 706, 713, 107 N.W.2d 85, 89; Eggermont v. Central Surety and Insurance Corporation, 238 Iowa 28, 32, 24 N.W.2d 809, 811; In re Estate of Springer, 252 Iowa 1220, 1230, 1231, 110 N.W.2d 380, 387.

■ Appellee does not seem to take issue with the rule but takes the position that Doctor Brunkhorst disqualified himself as an expert on the particular subject, citing Reimers v. Petersen, 237 Iowa 550, 22 N.W.2d 817; Grismore v. Consolidated Products Co., 232 Iowa 328, 5 N.W.2d 646; Hardwick v. Bublitz, 254 Iowa 1253, 119 N.W.2d 886; Jones v. Goodlove, 334 F.2d 90. We do not believe these cases reach the problem before us here.

Under the general rule, the doctor was qualified to express an opinion. We do not believe his answers on voir dire disqualify him. They, of course, go to the weight to be given his answers, but do not make his testimony inadmissible. He merely stated he was not a specialist in the particular field as he was not a urologist. He had previously stated he had studied the reproductive system of the human male while in medical school and had otherwise been qualified as a general practitioner of medicine. He did not state he was unable to answer the questions propounded on the subject and in fact exhibited a willingness to answer the questions intended to elicit the matters contained in the offer of proof.

■ While it is true the trial court has discretion in determining the sufficiency of the foundation for expert testimony and evidence to be allowed on rebuttal, we believe his failure to admit the proffered evidence exceeded his discretion in this instance and amounted to prejudicial error. The proffered evidence went to the very issue in the case. It was not cumulative. It was particularly relevant in view of the fact that some of defendant's answer indicated he was not sure whether he had ejaculated. We believe plaintiff was entitled to have this evidence before the jury and that it was error to exclude it.

Defendant also argues that if it was error to exclude this evidence, there was no prejudice because of Doctor Brunkhorst's answer on voir dire in which he stated certain men can ejaculate without feeling "if they have certain neurological defects of the nervous system."

We do not agree. This answer is certainly not as broad as the offer of proof. There is nothing in the record to indicate defendant had any neurological defects or that plaintiff was relying on this limited situation. The answer which came in without objection was not broad enough to remove the prejudice resulting from the exclusion of the doctor's testimony.

II. In view of our holding above we need not consider whether the giving of the verdict urging instruction was prejudicial error under the circumstances disclosed here.

However, we deem it advisable to express our disapproval of the statement in the instruction: "There are no substantial conflicts in the testimony of the witnesses." The trial court should avoid commenting on the evidence.—Reversed and remanded for new trial.

All JUSTICES concur except THORNTON, J., not sitting.