NELSON W. WELLS v. MRS. W. S. WEST.

(Filed 15 December, 1937.)

**1. Courts § 2d—**

The jurisdiction of the Superior Court upon appeal from a judgment of a justice of the peace is derivative, and where the justice's court has no jurisdiction, the Superior Court acquires none by appeal.

**2. Actions § 7: Innkeepers § 3—Proprietor's wrongfully permitting third person to take property from rented room is a tort.**

Evidence that plaintiff rented a room in defendant's lodging house, that thereafter plaintiff told defendant to let no one have his accordion kept in the room, to which defendant agreed, and that some time later defendant permitted a third person to take the accordion on the pretext that plaintiff had sent him for it, *is held* to establish a cause of action in tort, if at all, and not an action based upon the violation of any duty founded upon contract, the proprietor of the lodging house not being a bailee of the property, and there being no binding agreement on the part of the proprietor not to let anyone have the accordion, the statements in regard thereto having been made some time after the conclusion of negotiations for renting the room.

**3. Justices of the Peace § 3—Where action for more than $50 is founded solely in tort, justice of the peace has no jurisdiction.**

Where the evidence in an action against the proprietor of a lodging house tends to show that the proprietor wrongfully permitted a third person to take plaintiff's personal property, valued at more than fifty dollars, out of the room rented by plaintiff, the action is founded solely in tort, and the justice's court has no jurisdiction, and the rule that where an injury results from breach of some contractual duty, plaintiff may waive the tort and sue on the contract, has no application.

**4. Bailment § 1: Innkeepers § 3—Proprietor of lodging house is not bailee of personal property left in rented room.**

A proprietor of a lodging house is not a bailee of personal property left in the room rented by the owner of the personalty, even though the proprietor has access to the room for janitor and maid service, there being no such delivery of possession of the personalty necessary to establish the relationship, and this result is not affected by the statutory lien given by C. S., 2461.

APPEAL by plaintiff from *Phillips, J.,* at October Term, 1937, of GUILFORD. Affirmed.

This was an action instituted by plaintiff in the court of a justice of the peace "for the nonpayment of the sum of $200.00 due by breach of contract of bailment." The sum sued for was the value of an accordion left in plaintiff's room at defendant's lodging house, which it was alleged defendant had negligently and in breach of contract of bailment permitted to be fraudulently taken by a third person.

From a judgment by the justice of the peace for $50.00 only, plaintiff appealed to the Superior Court.

In the trial *de novo* in Superior Court plaintiff offered evidence tending to show that he rented a room from defendant into which he moved his personal belongings, including an accordion; that he told her about the accordion and asked if it was all right for him to practice; that six weeks to two months after he moved in he told her not to let any one have the accordion, and she said she would not let any one have it; that subsequently on 8 July, 1937, he was informed by the defendant that she had permitted a man calling himself Ward to remove the accordion from the house on the fraudulent pretext that plaintiff had sent him for it; that the accordion has been thereby lost and not recovered, and that the market value of same was $225.00 to $250.00.

At the close of plaintiff's testimony the trial judge allowed the motion to dismiss for want of jurisdiction. From judgment dismissing the action plaintiff appealed to the Supreme Court.

*Schoch & Schoch for plaintiff, appellant.*
*Gold, McAnally & Gold for defendant, appellee.*

Devin, J. The action having been begun in the court of a justice of the peace, upon appeal therefrom the jurisdiction of the Superior Court was derivative only. Therefore the sole question presented is whether the justice of the peace had jurisdiction of the cause of action for the recovery of $200.00 damages based on the evidence presented by the plaintiff in support thereof.

Under the evidence shown by the record plaintiff could maintain his action against the defendant for the loss of his accordion (if at all) only on the ground of a negligent or wrongful act on the part of the defendant, a *tort* as defined in *Elmore v. R. R.,* 191 N. C., 182, 131 S. E., 633, and as the justice's jurisdiction in actions of *tort* is limited to those cases wherein the sum demanded does not exceed $50.00, the Superior Court was without jurisdiction.

But plaintiff invokes the well established principle that where the matter out of which the cause of action arises has in it elements of both contract and tort, the plaintiff may waive the tort and sue in contract, and contends that he has done so in this case.

The rule is stated in 2 R. C. L., 753, as follows: "When a contractual relationship exists between persons, and at the same time a duty is superimposed by or arises out of the circumstances surrounding or attending the transaction, the violation of which duty constitutes a *tort,* the *tort* may be waived and *assumpsit* maintained for the reason that the

relation of the parties out of which the duty violated grows has its inception in contract."

However, the evidence in the case at bar does not disclose a contractual obligation on the part of the defendant with respect to the plaintiff's accordion. The contract for the rental of the room contained no stipulation about the musical instrument, and it was some two months later that in response to plaintiff's request defendant said she would not let any one have it. The elements of a binding obligation are absent.

Plaintiff, however, contends that by virtue of having placed personal property, with defendant's consent, in his rented room in her house the relationship of bailor and bailee resulted, and that an action for a breach of duty on the part of the bailee, though based on negligence, was one in which he could elect to waive the *tort* and sue on contract.

But the law of bailment is not applicable to the facts disclosed in this case. The property was not placed in possession of defendant nor was custody thereof accepted by her. It was at all times in the room rented by plaintiff in the house of defendant, and there was neither actual nor constructive possession of the accordion delivered to her. That defendant had access to the room for the purpose of maid service would not constitute possession of plaintiff's personal property placed by him in the room. Defendant was not an innkeeper and was not an insurer of plaintiff's property. *Holstein v. Phillips,* 146 N. C., 366, 59 S. E., 1037.

In *Hanes v. Shapiro,* 168 N. C., 24, 81 S. E., 1003, will be found a full discussion of the law of bailment. The generally accepted definition of a bailment is that it is "a delivery of goods in trust upon a contract, express or implied, that the trust shall be duly executed and the goods restored by the bailee as soon as the purposes of the bailment shall be answered." 2 Kent Comm., 559. To constitute a bailment there must be a delivery by the bailor and acceptance by the bailee of the subject matter of the bailment. It must be placed in the bailee's possession, actual or constructive. 6 Am. Juris., 191.

"There must be such a full transfer, actual or constructive, of the property to the bailee as to exclude the possession of the owner and all other persons and give the bailee for the time being the sole custody and control thereof." 6 Am. Juris., 192.

The rental of a room, and the deposit therein by the tenant of certain personal property, though the landlord had access to the room for janitor or maid service, would not constitute such a delivery of the personal property as to constitute the landlord a bailee. *Broaddus v. Commercial Nat. Bank,* 113 Okla., 10, 42 A. L. R., 1331.

The principles of the law of bailment, as they apply to an action for negligent breach of duty arising under the implied contract of bailment,

are not affected by the statutory lien given by C. S., 2461, to innkeepers and lodging house keepers.

For these reasons we conclude that the court below has correctly held that the Superior Court was without jurisdiction, and the judgment dismissing the action is

Affirmed.