S. B. TROXLER v. J. R. C. BEVILL, ADMINISTRATOR OF A. W. TROXLER.

(Filed 24 May, 1939.)

**1. Judgments § 17a—**

A plaintiff is entitled to that relief within the jurisdiction of the court warranted by the facts alleged and proven, or, in courts where written pleadings are not required, to the relief warranted by the facts established, but the form of the action determines the course of judicial investigation and plaintiff will be bound in the appellate court by the theory of trial in the lower court.

**2. Bailment § 6: Trial § 22b—**

The burden is on plaintiff to show the contract of bailment sued on, whether express or implied, by competent evidence, and the fact that the alleged bailee is dead, rendering incompetent testimony as to any transaction or communication with him to establish the bailment, C. S., 1795, is not a circumstance to be considered in passing upon the sufficiency of the evidence.

**3. Bailment § 6—Evidence held insufficient to establish conversion of funds by bailee.**

The evidence showed that plaintiff had in his brother's safe deposit box an envelop with his name and the sum of $285.00 written thereon in his brother's handwriting, that after his brother's death, on the second witnessed opening of the safe deposit box, the envelop had a mark through the $285.00 and the figures $60.00 written thereunder and that the envelope, which actually contained but $60.00, was turned over to plaintiff. *Held:* Even conceding the evidence sufficient to support an inference of bailment, it is insufficient to be submitted to the jury on the question of the alleged bailee's conversion of the difference between the two sums, there being no evidence of demand and refusal to raise any presumption, and withdrawal by plaintiff being as consonant with the facts shown as the contention of conversion, and as between the two inferences the law will make the inference of innocence.

**4. Money Received § 1—**

   Evidence merely tending to show that intestate had in his safe deposit box a sum of money belonging to plaintiff, and that after intestate's death a much smaller sum belonging to plaintiff was found in the safe deposit box, is insufficient to support a recovery for money had and received, since the evidence is silent as to the reason for the diminution in the amount of money.

APPEAL of defendant from *Sink, J.,* at 9 January Term, 1939, of GUILFORD.   Reversed.

This was an action by the plaintiff to recover of the defendant administrator $220.00, which he contends was the balance of a sum of money deposited with defendant's intestate and in his possession at the time of his death.

Judgment was rendered in favor of the plaintiff in the municipal court of the city of Greensboro, and, upon appeal of defendant, tried *de novo* in the Superior Court of Guilford County.

Summarized, the pertinent evidence is as follows: Sometime during the year 1933 the intestate, A. W. Troxler, leased from the Security National Bank a safe or safety deposit box in the vault of the bank, to which S. R. Troxler had free access.   On the death of S. R. Troxler in March, 1935, the safe was opened and the contents inventoried by J. P. Shore, deputy clerk, in the presence of Isabel C. Beall, manager of the safety deposit department, and defendant's intestate, A. W: Troxler.   Inventoried as amongst the contents of this box was "$285.00 in currency within envelope on which was the name of S. B. Troxler." Actually, the envelope contained the name of S. B. Troxler and the figures and symbol "$285.00" in A. W. Troxler's handwriting.   The property of S. R. Troxler was removed from the safe upon his death, and A. W. Troxler executed a new lease for the safe.   After the death of A. W. Troxler, the clerk of the Superior Court opened the safe and inventoried the contents in the presence of the widow of the deceased, J. R. C. Bevill, deputy sheriff, and William V. Capps, vault custodian. Inventoried as amongst the contents of the box at that time is an item designated : "Envelope marked S. B. Troxler containing $60.00 in cash." Nothing at this time was removed from the box.   On distribution of the contents of the box on the 9th day of February, 1937, the defendant delivered to the plaintiff the sum of $60.00, which was taken out of a white No. 10 envelope marked "S. B. Troxler, $285.00," with a line drawn through the $285.00 and $60.00 marked underneath.   The envelope was thrown in the waste basket.   The plaintiff receipted for the sum without protest to the defendant, although the evidence is he "shook his head" and, subsequently, explained to this defendant that he did so because he was $220.00 short.

   21—215

At the time of the death of defendant's intestate, plaintiff was indebted to his estate in the sum of approximately $70.00, which he paid to defendant on 15 December, 1937. The suit was filed on the 30th day of December following.

It will be noted that there is a discrepancy of $5.00 between the original amount plaintiff alleged to have been deposited with the intestate and the sum sued for, plus the $60.00 which plaintiff received. In his charge to the jury the trial judge observed: "The plaintiff contends and insists that there is a variance of $5.00 there that he cannot explain because of the rule of law closing forever the mouth of one engaging in a conversation or transaction with a deceased person." There seems to be no other reference to this matter in the record.

In the Superior Court there was a verdict favorable to the plaintiff, followed by a judgment for the sum demanded, from which defendant appealed.

*Frazier & Frazier for plaintiff, appellee.*
*O. W. Duke for defendant, appellant.*

SEAWELL, J. Under our liberal system of pleading the court is no stickler for form. The plaintiff is entitled to such relief as the facts set up in the complaint may warrant, consistent with the jurisdiction of the court in the particular matter. *Bolich v. Ins. Co.,* 206 N. C., 144, 173 S. E., 320; *McNeill v. Hodges,* 105 N. C., 52, 11 S. E., 265; *Knight v. Houghtalling,* 85 N. C., 17.

*A fortiori,* in those courts where written pleadings are not required the plaintiff is entitled to any appropriate relief upon the facts established, unless on the trial he has adopted and insisted upon a contrary theory of the case which might bind him in the appellate court.

But the designated form of the action is important, sometimes controlling, as it indicates the character of the transaction out of which the right of action arises, and carries with it legal implications affecting both the course of the judicial investigation and the remedy available to plaintiff. In that sense form becomes substance.

The able counsel for the plaintiff seemed uncertain as to whether they should insist that his cause of action rests in bailment or assumpsit for money "had and received." The dilemma is one naturally arising from the fact that the subject of the controversy is a sum of money and the evidence available might have an aspect favorable to both views. But we fear it is not sufficient to establish either.

While no pleadings were required in the municipal court of the city of Greensboro, where the case originated, it appears from the record that it was regarded as one of bailment, and we shall first consider it in that aspect.

The burden was on the plaintiff to show the contract of bailment, whether express or implied, by competent evidence. *Perry v. R. R.,* 171 N. C., 158, 88 S. E., 156; *Nutt v. Davison,* 54 Colo., 586, 131 P., 390. A substantial part of his embarrassment in this endeavor obviously arose from the fact that he was incompetent to testify as to any transaction or communication between himself and his deceased brother under C. S., 1795. As to this, the court cannot aid him, nor is it a circumstance to be considered in passing on the probative value of the evidence actually presented.

We are asked to draw such inferences as may be necessary to establish plaintiff's case from evidence almost wholly circumstantial. This consists, substantially, of two pictures in the flat and the background against which they are placed. These show little more than the presence in intestate's strong box, at the first witnessed opening in 1935, of an envelope inscribed with plaintiff's name and showing a content in money of $285.00, and the similar presence, at the second witnessed opening in 1937 (after A. W. Troxler's death), of an envelope marked "S. B. Troxler, ~~$285.00,~~" all in intestate's handwriting.
       $60.00

It appears that at the first opening, property of S. R. Troxler was removed from the box. At the second opening, this defendant did not question the ownership of the $60.00 found in the box and tagged with plaintiff's name. Plaintiff's counsel draws the inference in their brief that A. W. Troxler was the "banker of the family" and had in keeping the money of his brother.

We might concede that the circumstances point to an inference that intestate had in his possession the sums mentioned at the first and second witnessed openings of the safe and that it was money of the plaintiff. We might even concede that this gives rise to the inference of bailment, although there may be a split of authority here which we do not undertake at this time to reconcile. 6 Am. Jur., sec. 64, p. 191.

But in the absence of any evidence or any presumption as to the nature and terms of the bailment or the intention of the parties, or a more complete history of the transactions between the parties, we are left to speculation with regard to further facts essential to plaintiff's recovery. With as little as has been revealed to us with regard to the bailment, if it was a bailment, we cannot accept the suggested diminution in the contents of the envelope as raising an inference of conversion on the part of defendant's intestate, or other negligent or tortious act resulting in liability for failure to return the original deposit intact. Plaintiff may be correct in his contention that intestate was "the banker of the family"; and this evidence points as strongly to withdrawal by the plaintiff and rebailment as it does to conversion by the

intestate. Of the two inferences, the law will make the inference of innocence. This is rather accentuated by the circumstance that as to $5.00 of the difference, at any rate, some transaction between the parties was supposed by plaintiff to relieve the intestate of liability to that extent.

There was no demand by plaintiff and refusal by defendant's intestate which might have given rise to presumptions or might have enlightened the jury as to the relations and obligations between the two. *Elon College v. Trust Co.,* 182 N. C., 298, 109 S. E., 6; *Southern Railroad Co. v. Prescott,* 240 U. S., 632, 60 L. ed., 836; *Perry v. R. R., supra.* The demand by suit against the administrator after A. W. Troxler's death, in the absence of more substantial proof concerning the bailment than the evidence affords, is not sufficient to raise such liability.

. With regard to the theory of assumpsit, we find a like infirmity of proof, in respects so similar that we consider detailed consideration would lead only to repetition.

The demurrer to the evidence should have been sustained, and the judgment is

Reversed.