FLEXLON FABRICS, INC. v. WICKER PICK-UP AND DELIVERY SERVICE, INC.

No. 7815SC159

(Filed 16 January 1979)

1. **Bailment § 3.3— goods damaged during bailment—presumption of negligence**

　　Upon a showing that a bailor delivered to a bailee undamaged goods which were returned in a damaged condition, the law presumes the bailee was negligent and, nothing else appearing, the bailor is entitled to go to the jury on the question of the bailee's negligence.

2. **Bailment § 3.2— burden of proving bailment**

　　The bailor has the burden of establishing the existence of a bailor-bailee relationship.

3. **Bailment § 1— creation of bailment**

　　A bailment is created upon the delivery of possession of goods and the acceptance of their delivery by the bailee.

4. **Bailment § 3.3— sufficient evidence of bailment—prima facie case of negligence**

　　Plaintiff's evidence was sufficient to establish a bailment of its knitting machines where it tended to show that defendant was hired to tow loaded trailers containing plaintiff's machines from one of plaintiff's plants to its main facility; plaintiff's agent, as she had done four times previously, called defend-

ant and requested that he send a tractor to tow a loaded trailer to plaintiff's main facility; and defendant proceeded to tow the trailer as requested. Furthermore, plaintiff made out a *prima facie* case of actionable negligence by defendant, requiring submission of that issue to the jury, where plaintiff presented additional evidence that the knitting machines were undamaged when delivered to defendant, that the trailer being towed by defendant's truck overturned, and that the machines were damaged beyond repair in the accident.

**5. Bailment § 3.3; Negligence § 35.3— loading machinery on trailer—no contributory negligence as matter of law**

In an action to recover for damages to knitting machines in a trailer being towed by defendant's truck, plaintiff's evidence did not disclose that it was contributorily negligent as a matter of law in the manner in which it loaded the machines into the trailer where it presented evidence tending to show that care was taken in loading the machines by chocking the base of each machine in order to prevent shifting and by packing articles around the machines for added stabilization, notwithstanding testimony by plaintiff's own expert would permit the jury to find that reasonable care required that the machines be packed in cases and bolted to the floor of the trailer or that they be placed on a pair of skids which are bolted to the bed of the trailer.

APPEAL by plaintiff from *Smith (David), Judge.* Judgment entered 23 March 1977 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 5 December 1978.

Plaintiff, Flexlon Fabrics, Inc., initiated this action to recover for losses suffered when a trailer under tow by a truck driven by defendant's employee overturned severely damaging its contents including five Kirkland knitting machines. Plaintiff alleges that defendant's agent was negligent in trying to negotiate a curve at an excessive rate of speed thus causing the loaded trailer to overturn. Defendant Wicker Pick-Up and Delivery Service, Inc., denied negligence and counterclaimed seeking recovery for damage to its truck and averring that plaintiff was negligent in failing to load the cargo in a reasonable manner to prevent the cargo from shifting and tipping over when the trailer rounded a curve.

Plaintiff's evidence tended to show that plaintiff was in the process of moving equipment from its Tucker Street plant to its main facility located in Belmont Village south of Burlington. Plaintiff rented several trailers from Mateer's Storage Trailer Rental, Inc. Battleground Wrecker Service brought the empty trailers to the loading dock at the Tucker Street plant and moved the loaded

trailers a few hundred feet away from the dock. Defendant was hired to tow the loaded trailers from Tucker Street to Belmont Village, which it did four times without incident.

Plaintiff's personnel were responsible for all of the packing and loading of the trailers. Once the trailers were loaded, plaintiff's employees would lock them to prevent theft of their contents. Defendant did not have keys to the trailers. Plaintiff arranged for defendant to tow the trailers for ten dollars per hour. Defendant was informed that "the machines were heavy and that they were delicate, important to [plaintiff], and that it was [their] entire operation and they would have to be very careful." The machinery was loaded and the trailer locked before defendant's driver was summoned.

Plaintiff called an expert witness to testify with respect to the value and the proper loading of the knitting machines. Plaintiff's expert described the machines' weight distribution as "about a little lower than middle". The complaint averred that the machines were "top-heavy". They stood about seven feet tall and were six and one-half to seven feet by three and one-half to four feet at the base. Each machine weighed approximately 5,500 pounds. The four legs were connected in pairs to form two braces for the base of the machine. Plaintiff's expert testified that new knitting machines are packed in wooden cases and bolted to the case before being shipped. When not shipped in packing cases the machines are placed on a pair of skids and usually bolted to the bed of a trailer. When skids are not used it is customary to brace the machine at the top against the wall of the trailer with two-by-fours or rope.

Plaintiff's employees testified about packing the trailer which overturned. The machines were jacked-up onto rollers so they could be rolled to the trailer. After they were loaded, the rollers were removed and two-by-fours were nailed into the floor at a 45° angle to each leg to prevent the machine from shifting in transit. Boxes of yarn and plastic were packed around the machines to prevent movement and to utilize the available cargo space in the trailer.

The rented trailer overturned at the intersection of Rural Paved Roads 1157 and 1148. The intersection forms the shape of a "T". The roads intersect on level ground. The tractor and trailer

were observed lying in the ditch on the left-hand side of the road. "The front end of it seemed to be further over toward the ditch than the back end." The trailer was found resting on its side "in a 8:30-2:30 position". The machinery and packing had all shifted to the top of the trailer although the two-by-four supports were still in place. The machines, the trailer, and the tractor were damaged.

Plaintiff's expert testified that the machines had a value before the accident of between $10,000 and $20,000 each. He concluded they had no value after the accident, because they were essentially damaged beyond repair. Plaintiff's president estimated the five machines were worth $82,000 before the wreck and $1,500 afterwards. The rented trailer suffered $2,250 in damage.

Defendant moved for a directed verdict at the conclusion of plaintiff's evidence. The trial court directed entry of judgment for the defendant. Plaintiff appeals.

*William L. Durham for plaintiff appellant.*

*Henson & Donahue, by Perry C. Henson and Perry C. Henson, Jr., for defendant appellee.*

MORRIS, Chief Judge.

Plaintiff's sole assignment of error concerns the entry of judgment upon defendant's motion for a directed verdict at the conclusion of plaintiff's evidence. The specific grounds of the motion were: (1) Plaintiff's failure to offer any evidence of negligence, (2) Contributory negligence as a matter of law, and (3) Failure to offer any evidence of damages.

In reviewing the propriety of the entry of the directed verdict, we will consider only those grounds argued by defendant to the trial court as the basis for its motion. *Worrell v. Hennis Credit Union*, 12 N.C. App. 275, 182 S.E. 2d 874 (1971); *see generally* 9 Wright and Miller, Federal Practice and Procedure: Civil § 2533 n. 83 and § 2536 n. 26.

[1] The ultimate question for resolution concerns whether plaintiff's evidence as it appears in the record before us was sufficient to withstand defendant's motion for a directed verdict. The threshold inquiry in this case, however, concerns whether a bailor-bailee relationship existed between plaintiff and defendant.

If plaintiff's evidence sufficiently establishes such a relationship, then upon a showing that plaintiff delivered to the bailee undamaged goods which were returned in a damaged condition, the law presumes the bailee was negligent and, nothing else appearing, plaintiff is entitled to go to the jury on the question of defendant's negligence.[1] *Insurance Co. v. Cleaners*, 285 N.C. 583, 206 S.E. 2d 210 (1974).

[2, 3] The bailor has the burden of establishing the existence of a bailor-bailee relationship. *Troxler v. Bevill*, 215 N.C. 640, 3 S.E. 2d 8 (1939); *Clott v. Greyhound Lines, Inc.*, 9 N.C. App. 604, 177 S.E. 2d 438 (1970), *rev'd on other grounds*, 278 N.C. 378, 180 S.E. 2d 102 (1971). A bailment is created upon the delivery of possession of goods and the acceptance of their delivery by the bailee. *Freeman v. Service Co.*, 226 N.C. 736, 40 S.E. 2d 365 (1946). Delivery by the bailor relinquishing exclusive possession, custody, and control to the bailee is sufficient. *Wells v. West*, 212 N.C. 656, 194 S.E. 313 (1937); *see generally* Anno., 1 A.L.R. 394 (1919). An acceptance is established upon a showing directly or indirectly of a voluntary acceptance of the goods under an express or implied contract to take and redeliver them. Anno., 1 A.L.R. at 399-400.

[4] We find ample evidence of delivery and acceptance in this case to establish a bailment. *See Pennington v. Styron*, 270 N.C. 80, 153 S.E. 2d 776 (1967); *Insurance Co. v. Motors, Inc.*, 240 N.C. 183, 81 S.E. 2d 416 (1954); *Swain v. Motor Co.*, 207 N.C. 755, 178 S.E. 560 (1935). Plaintiff's agent, as she had done four times previously, called defendant and requested that he send a tractor to tow the loaded trailer to Belmont Village. Marina Brooks, plaintiff's office manager and secretary-treasurer, testified, "I told him that the machines were heavy and that they were delicate, important to us, and that it was our entire operation and they would have to be very careful". Defendant, through its agents, subsequently responded and proceeded to tow the trailer as requested to Belmont Village. The defendant voluntarily and knowingly accepted exclusive control of the trailer and its contents from the time it left plaintiff's Tucker Street plant until the intended delivery at Belmont Village. The safety of the leased trailer and

---

1. A similar rule applies to common carriers. *See* G.S. 62-202 *et seq.* Because there is no evidence in the record to the contrary, we assume for purposes of this decision that defendant was not acting in a common carrier capacity. *See also Olan Mills v. Executive Terminal, Inc.*, 273 N.C. 519, 160 S.E. 2d 735 (1968).

the machines lay exclusively with defendant while under tow by its agent.

> "A *prima facie* case of actionable negligence, requiring submission of the issue to the jury, is made when the bailor offers evidence tending to show that the property was delivered to the bailee; that the bailee accepted it and thereafter had possession and control of it; and that the bailee failed to return the property or returned it in a damaged condition." *Insurance Co. v. Cleaners*, 285 N.C. at 585, 206 S.E. 2d at 212; *quoting Insurance Co. v. Motors, Inc.*, 240 N.C. at 185, 81 S.E. 2d at 418.

Although the presumption of negligence does not entitle plaintiff to a directed verdict if defendant fails to produce evidence of his own due care, defendant risks an adverse jury verdict if it fails to introduce evidence of its own due care. *Insurance Co. v. Motors, Inc., supra.* There is no doubt that on this record there may be many explanations for the overturning of the tractor and trailer. Admittedly, plaintiff may have improperly loaded the trailer. On the other hand, defendant's driver may have attempted to negotiate the turn too swiftly, the truck's brakes may have been inadequate, the intervening negligence of a third party may have caused the damage, or a combination of any number of other unexplained factors may have caused the trailer to overturn. The rule establishing a prima facie case exists precisely because of the likelihood of such unforeclosed possibilities. As our Supreme Court has explained:

> "The fact that [plaintiff] could have no knowledge of such matters, while the defendant could and should have full knowledge of these matters, indicates the reason underlying the rule as to mode of proof in such bailments. The prima facie rule is invoked when the plaintiff's evidence discloses an unexplained failure to return the bailed property or an unexplained destruction of or damage to the bailed property while in the bailee's possession and control." *Insurance Co. v. Motors, Inc.*, 240 N.C. at 186, 81 S.E. 2d at 419.

As in *Insurance Co. v. Motors, Inc., supra*, the record leaves the cause of the damage suffered by plaintiff (and defendant) unex-

plained. Plaintiff, nothing else appearing, is entitled to have the case submitted to the jury for resolution.

[5] Defendant contends that plaintiff's own evidence establishes that plaintiff was contributorily negligent as a matter of law in that the knitting machines were improperly loaded causing the trailer and tractor to overturn. Taking the evidence in the light most favorable to the plaintiff, as we must upon review of a directed verdict for defendant, we disagree. The established rule is that a directed verdict for a defendant on the grounds of contributory negligence may only be granted when evidence taken in light most favorable to plaintiff establishes his negligence so clearly that no other reasonable inference may be drawn from that evidence. *Clark v. Bodycombe*, 289 N.C. 246, 221 S.E. 2d 506 (1976). Plaintiff's evidence tends to show that care was taken by loading the machines by chocking the base of each machine in order to prevent shifting and by packing articles around the machines for added stabilization. However, the testimony of plaintiff's own expert would permit, but not compel, the jury to find that reasonable care required that the machines be packed in cases and bolted to the floor of the trailer, or that they be placed on a pair of skids which are bolted to the bed of the truck.

Based upon the evidence in this record we cannot say that the only reasonable inferences to be drawn from the evidence point to contributory negligence on the part of plaintiff. Plaintiff, upon this record, is not guilty of contributory negligence as a matter of law.

Defendant's final argument in support of his directed verdict, asserting that plaintiff presented no evidence of damages, is, upon the face of the record, clearly without merit.

Because we find that defendant was not entitled to a directed verdict upon any of the grounds asserted before the trial court, the judgment entering a directed verdict must be

Reversed.

Judges PARKER and MARTIN (Harry C.) concur.