J. H. HARVEY v. NORFOLK SOUTHERN RAILWAY COMPANY, INC. AND SOUTHERN RAILWAY SYSTEM, INC.

No. 822SC142

(Filed 1 February 1983)

**Corporations § 25— liability of railroad for contract made by railroad it purchased**

The trial court properly granted defendant's motion for judgment notwithstanding the verdict because defendant Railway neither expressly nor by implication assumed the obligation to pay plaintiff's medical expenses incurred for injuries resulting from an accident while working with a railroad in which Railway purchased some of the bankrupt company's assets. Since the liability to plaintiff was solely the prior railroad's, Railway was obligated to pay plaintiff's medical expenses only if it expressly agreed, in writing, to do so, and

since there was no written agreement signed by Railway, plaintiff's action was barred by the Statute of Frauds. G.S. 22-1.

Judge WELLS dissenting.

APPEAL by plaintiff from *Peel, Judge.* Judgment entered 28 October 1982 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 7 December 1982.

This case involves a contract between plaintiff and Norfolk Southern Railroad Company (Railroad). Plaintiff brought this action claiming defendants owe him $5,801.15 for his medical expenses incurred since 1977. Plaintiff's evidence tended to show that in 1923, when he was employed as a brakeman for Railroad, he was injured when he was caught between a railroad car and a freight platform. His pelvis was fractured, his bladder was ruptured in two places, and his urethra was cut in two. As a consequence of the accident, plaintiff was required to have his urethra opened every month. Plaintiff and Railroad entered into an agreement where plaintiff agreed not to file a claim against Railroad, and Railroad agreed to pay plaintiff $1,800.00, guarantee him a job for life, and pay all his medical expenses resulting from the accident for the rest of his life. Plaintiff said that the agreement was in writing, but he did not get a copy of it.

Defendant alleged in its answer that in 1932, Railroad filed for bankruptcy. On 19 September 1939, Norfolk Southern Railway Company (Railway) was chartered, and applied to the Interstate Commerce Commission for approval to acquire some of Railroad's assets. These assets were purchased on 10 March 1941.

According to plaintiff, Railway continued to employ him and pay his medical expenses which resulted from the accident. Although plaintiff retired in 1969, Railway continued to pay his medical expenses until 1977, when it was acquired by Southern Railway Systems. Plaintiff claimed that he had medical expenses totaling $5,801.15 since 1977.

At the conclusion of plaintiff's evidence, defendants moved for a directed verdict. Defendants did not present any evidence. The trial court granted defendant Southern Railway System's motion for directed verdict and denied defendant Railway's motion for a directed verdict. The jury returned a verdict finding defend-

ant Railway obligated to pay plaintiff's medical expenses since 1977, a total sum of $5,801.15. Defendant then moved to set aside the verdict and for judgment notwithstanding the verdict pursuant to G.S. 1A-1, Rule 50(b). The court granted defendant's motion for judgment notwithstanding the verdict and dismissed the action.

*L. H. Ross, for plaintiff appellant.*

*Rodman, Rodman, Holscher and Francisco, by Edward N. Rodman, for defendant appellee.*

VAUGHN, Chief Judge.

Plaintiff's sole argument is that the trial court erred in granting defendant Railway's motion for judgment notwithstanding the verdict because Railway either expressly or by implication assumed the obligation to pay his medical expenses for life. We do not agree. A motion for judgment notwithstanding the verdict is technically a renewal of the motion for a directed verdict. *Love v. Pressley,* 34 N.C. App. 503, 239 S.E. 2d 574 (1977), *review denied,* 294 N.C. 441, 241 S.E. 2d 843 (1978).

> Judgment notwithstanding the verdict should be granted only when the evidence is insufficient as a matter of law to support the verdict. Where the evidence admitted at trial, taken in the light most favorable to the non-moving party with all reasonable inferences drawn in his favor, is sufficient to support the verdict, it should not be set aside.

*Beal v. K. H. Stephenson Supply Company, Inc.,* 36 N.C. App. 505, 507, 244 S.E. 2d 463, 465 (1978). Although the evidence, taken in the light most favorable to plaintiff, tends to show that defendant Railway continued to pay plaintiff's medical expenses for thirty-seven years, there is no evidence that defendant adopted the obligation either expressly or by implication. A corporation may, after it comes into existence, adopt a contract made on its behalf, either expressly or by accepting the benefits of the contract with knowledge of its provisions. *Whitten v. Bob King's AMC/Jeep, Inc.,* 292 N.C. 84, 231 S.E. 2d 891 (1977); *Smith v. Ford Motor Company,* 289 N.C. 71, 221 S.E. 2d 282 (1976); *McCrillis v. A & W Enterprises, Inc.,* 270 N.C. 637, 155 S.E. 2d 281 (1967). In this case, the contract was between Railroad and plaintiff. It could not have

been made on Railway's behalf because Railway came into existence fourteen years later, and was not Railroad's successor, it merely purchased some of the bankrupt Railroad's assets.

Plaintiff's reliance on *Beachboard v. Southern Railway Company*, 16 N.C. App. 671, 193 S.E. 2d 577 (1972), *cert. denied*, 283 N.C. 106, 194 S.E. 2d 633 (1973), to support his contention that Railway adopted the contract between plaintiff and Railroad, is misplaced. In *Beachboard*, an employee of Southern Railway Company (Southern), had his legs amputated when he was hit by a railway car while he was working at the railroad yard owned by U.S. Plywood-Champion Papers, Inc. (Champion). Southern filed a third party complaint against Champion alleging it was entitled to be indemnified pursuant to a contract entered into between Southern and Champion Fibre Company (Fibre Company), a predecessor of Champion, in 1905. The court found that although Fibre Company was not in existence in 1905, it acted under the contract and accepted the benefits after it was incorporated in 1906, and thus ratified the contract by implication and was bound to perform the obligations incident to the contract. In 1936, Fibre Company conveyed all its assets to its parent corporation, Champion Paper & Fibre Company, which expressly agreed to be bound by the contract. In 1967, Champion Paper & Fibre Company, which had changed its name to Champion Papers, merged with U.S. Plywood Corporation and became the third party defendant, U.S. Plywood-Champion Papers, Inc. (Champion). The court held that Champion was bound by the contract and was obligated to perform the duties which were imposed on Fibre Company. *Beachboard* clearly comes within the general rule mentioned above that contracts made on a corporation's behalf, prior to incorporation, may be adopted by implication if the corporation accepts the benefits of the contract with full knowledge of its provisions. *Beachboard* does not, however, support plaintiff's argument because in the present case the contract was between plaintiff and Railroad. It was not entered into on Railway's behalf. Railway was not Railroad's successor, it merely purchased some of the bankrupt Railroad's assets eighteen years after plaintiff's accident.

Since the liability to plaintiff was solely Railroad's, Railway could only be obligated to pay plaintiff's medical expenses if it expressly agreed, in writing, to do so. Since there was no written

agreement signed by Railway, plaintiff's action is barred by the Statute of Frauds. G.S. 22-1 provides, in part:

> No action shall be brought . . . to charge any defendant upon a special promise to answer the debt, default or miscarriage of another person, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party charged therewith or some other person thereunto by him lawfully authorized.

Furthermore, the main purpose rule would not except this from the Statute of Frauds. The main purpose rule applies only when the promisor has a direct pecuniary interest in the transaction in which a third party is the primary obligor. *Burlington Industries, Inc. v. Foil*, 284 N.C. 740, 202 S.E. 2d 591 (1974). In this case, there was no evidence showing railway had any pecuniary interest whatsoever in the settlement between plaintiff and Railroad. Since this does not come within the main purpose rule exception, the Statute of Frauds bars plaintiff's action. The evidence was insufficient to support the jury's verdict, and the judgment notwithstanding the verdict was properly entered.

Affirmed.

Judge WHICHARD concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

The grounds stated in the defendant's motion for a directed verdict was that "the evidence taken in the light most favorable to plaintiff fails to establish a claim upon which relief can be granted." Our review on appeal is limited to the grounds stated in defendant's motion. *Fabrics, Inc. v. Delivery Service*, 39 N.C. App. 443, 250 S.E. 2d 723 (1979).

Plaintiff's evidence clearly established that the defendant had assumed the contractual obligations to him originated by the agreement between plaintiff and Norfolk Southern Railroad Company, and that the defendant continued to recognize such obligations to plaintiff for 37 years. The clear inference, the only

reasonable inference, to be drawn by such conduct on defendant's part is that it adopted and ratified the contract between plaintiff and Railroad Company.

Although the majority opinion ultimately concludes that plaintiff's claim is barred by the Statute of Frauds, I do not believe that question to be before us, since plaintiff succeeded in establishing defendant's direct obligation to him.

Plaintiff's evidence being sufficient to withstand defendant's motion for a directed verdict, it follows that entry of judgment notwithstanding the verdict was improper. *Norwood v. Sherwin Williams*, 303 N.C. 462, 279 S.E. 2d 559 (1981).

I vote to reverse and remand for entry of judgment on the verdict.