I respectfully dissent from the Decision and Order of the majority awarding damages to plaintiffs based upon a bailment theory. I do not believe there is a bailment in the instant case.
A "bailment" is traditionally defined as
 [a] delivery of goods or personal property, by one person (bailor) to another (bailee), in trust for the execution of a special object upon or in relation to such goods, beneficial either to the bailor or bailee or both, and upon a contract, express or implied, to perform the trust and carry out such object, and thereupon either to redeliver the goods to the bailor or otherwise dispose of the same in conformity with the purpose of the trust. The bailee is responsible for exercising due care toward the goods.
Black's Law Dictionary 141-42 (6th ed. 1991). A bailment occurs when there is a delivery of possession of goods by the bailor and the acceptance of their delivery by the bailee. AtlanticContracting and Material Co., Inc. v. Adcock, 161 N.C. App. 273,588 S.E.2d 36 (2003) (quoting Flexlon Fabrics, Inc. v. WickerPick-Up and Delivery Service, Inc., 39 N.C. App. 443, 447,250 S.E.2d 723, 726 (1979)). The court in Flexlon Fabrics, defined "delivery" as the bailor's "relinquishing exclusive possession, custody, and control to the bailee[.]" Id. This definition infers that the delivery must be voluntary.
The main difficulty with the majority's reasoning is that it appears to assume that plaintiffs were bailors by implication under a contractual theory. However, an implied contract must still possess the elements of an express contract: offer, acceptance, consideration, capacity, mutual assent and legality.Creech v. Melnik, 347 N.C. 520, 495 S.E.2d 907 (1998). The only implied contract here would be between the garage and the DMV. Defendant's seizure of property from plaintiffs pursuant to lawful search and arrest warrants does not create a contract by implication.
Plaintiffs did not argue and the majority made no findings on how seizure of property pursuant to a search warrant constitutes a bailment. In addition, there is no authority cited to show that N.C. recognizes implied bailment or bailment by implication theories.
Accordingly, I would affirm the decision of the deputy commissioner and deny benefits under the Tort Claims Act.
 S/________________________ BERNADINE S. BALLANCE COMMISSIONER