IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-593

 No. COA20-764

 Filed 2 November 2021

 Wake County, No. 16 CRS 203857

 STATE OF NORTH CAROLINA

 v.

 MATTHEW LANE, JR.

 Appeal by defendant from judgment entered 5 September 2019 by Judge A.

 Graham Shirley in Wake County Superior Court. Heard in the Court of Appeals 5

 October 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Jonathan J.
 Evans, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Michele A.
 Goldman, for defendant-appellant.

 TYSON, Judge.

¶1 Matthew Lane, Jr. (“Defendant”) appeals from the judgments entered upon his

 guilty pleas to attempted trafficking heroin by possession and trafficking heroin by

 transportation. We affirm.

 I. Background

¶2 On 5 February 2016, Raleigh Police Detective M.K. Mitchell submitted to the

 superior court an application under seal for authorization to surreptitiously install
 STATE V. LANE

 2021-NCCOA-593

 Opinion of the Court

 and monitor a GPS tracking device for 45 days on a 2006 Acura MDX vehicle owned

 and registered to Sherry Harris and driven by Ronald Lee Evans, who lived with

 Harris. In a sworn affidavit accompanying the application, Detective Mitchell

 explained that he had obtained information through surveillance and a confidential

 informant that Evans was selling and “trafficking amount[s] of heroin throughout the

 Raleigh area.” Detective Mitchell also requested that police be permitted to use the

 device to track the vehicle’s location throughout the United States during the 45-day

 period.

¶3 That day, Superior Court Judge Brian Collins granted the application, issued

 the order, and the trafficking device was installed on the Acura. Judge Collins’ order

 found that Detective Mitchell’s affidavit provided specific and articulable facts

 showing probable cause that the vehicle was being used in the commission of criminal

 offenses and tracking the vehicle’s location would provide information relevant and

 material to the ongoing investigation. The order specifically authorized the device to

 be installed surreptitiously on Harris’ vehicle and that it be “operated and monitored

 continuously throughout the period of this order including when the subject vehicle

 is located in a place where there is a reasonable expectation of privacy.” Because the

 vehicle was mobile and due to “the nature of the offenses being committed,” Judge

 Collins’ order also requested for officers to be allowed to continue monitoring the

 device in other jurisdictions within the United States.
 STATE V. LANE

 2021-NCCOA-593

 Opinion of the Court

¶4 The device would text message the Acura’s location to Detective Mitchell when

 the vehicle would start and stop. On the evening of 25 February 2016, Detective

 Mitchell received a text message the Acura was in Raleigh around 11:40 p.m. The

 Acura traveled through Virginia and reached New Jersey by 6:05 a.m. the next day.

 Detective Mitchell then began manually monitoring the Acura’s position as it

 continued to New York and stopped at an address for a Walgreens drug store. The

 Acura made another stop for fifteen minutes at a nearby location, and then it left

 New York traveling south.

¶5 Detective Mitchell along with other Raleigh police officers prepared to

 intercept the vehicle as it entered Wake County. The Acura was observed by officers,

 who measured its speed with a radar device and through pacing and determined the

 Acura was speeding approximately 81 miles per hour in a 70 mile per hour zone. The

 officers initiated a traffic stop of the Acura for speeding.

¶6 Officers approached the Acura, smelled the odor of marijuana, determined the

 vehicle was being driven by Defendant and was occupied by Evans, Aretha Lyles-

 Awuona, and Douglas Cooley. Officers searched the vehicle and its occupants and

 recovered 121 grams of heroin. Lyles-Awuona told investigators Evans was included

 on the trip for him to be introduced by Defendant to the selling source of the heroin

 in New York, to return for future trips to purchase heroin, and to contribute currency

 to the purchase of the heroin.
 STATE V. LANE

 2021-NCCOA-593

 Opinion of the Court

¶7 Defendant was indicted on charges of trafficking heroin by possession,

 trafficking heroin by transportation, and conspiracy to traffic heroin on 4 April 2016.

 Defendant filed a motion to suppress to challenge the use of the GPS tracking device

 installed on the vehicle by court order. The State asserted Defendant lacked standing

 to challenge the GPS tracking device on the Acura because among other things,

 Defendant was not in possession of the vehicle when the device was installed and

 Defendant did not have a close relationship to the registered owner of the vehicle.

 Superior Court Judge Reuben Young concluded that Defendant lacked standing and

 denied the motion to suppress on that basis. Defendant filed a motion to reconsider

 the motion to suppress which the trial court denied. Defendant was tried by a jury

 on 5 September 2019, which resulted in a hung jury.

¶8 Rather than to be retried, Defendant pleaded guilty pursuant to a plea

 agreement to one count of trafficking heroin by transportation and one count of

 attempted trafficking by possession. Pursuant to the plea agreement, the State

 dismissed the conspiracy to traffic heroin charge. Defendant preserved his right to

 appeal the denial of the motion to suppress. Defendant was sentenced to an active

 term of 90 to 120 months for the trafficking heroin by transportation. Defendant was

 sentenced to an active term of 35 to 54 months for attempted trafficking heroin by

 possession to run consecutive to Defendant’s sentence for trafficking heroin by

 transportation. Defendant was fined $100,000. Defendant appeals.
 STATE V. LANE

 2021-NCCOA-593

 Opinion of the Court

 II. Jurisdiction

¶9 This Court possesses jurisdiction pursuant to N.C. Gen. Stat. §§ 7A-27(b)(4)

 and 15A-979(b) (2019).

 III. Issue

¶ 10 Defendant argues the trial court improperly denied his motion to suppress

 evidence from the traffic stop.

 IV. Standard of Review

¶ 11 “The standard of review for a motion to suppress is whether the trial court’s

 findings of fact are supported by the evidence and whether the findings of fact support

 the conclusions of law.” State v. Wainwright, 240 N.C. App. 77, 83, 770 S.E.2d 99,

 104 (2015) (internal quotation marks and citation omitted). “[I]n evaluating a trial

 court’s ruling on a motion to suppress . . . the trial court’s findings of fact are

 conclusive on appeal if supported by competent evidence, even if the evidence is

 conflicting.” State v. Allen, 197 N.C. App. 208, 210, 676 S.E.2d 519, 521 (2009)

 (citation and internal quotation marks omitted).

¶ 12 Findings of fact that “are not challenged on appeal are . . . deemed to be

 supported by competent evidence and are binding” upon this Court. State v. Biber,

 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011) (citation omitted). “The trial court’s

 conclusions of law . . . are fully reviewable on appeal” de novo. State v. Hughes, 353

 N.C. 200, 208, 539 S.E.2d 625, 631 (2000).
 STATE V. LANE

 2021-NCCOA-593

 Opinion of the Court

 V. Motion to Suppress

¶ 13 Defendant argues the trial court erred in denying his motion to suppress and

 asserts he has standing to challenge the court-ordered installation of the GPS

 tracking device on Harris’ Acura.

¶ 14 The Fourth Amendment to the Constitution of the United States, as made

 applicable to the sovereign states through the Fourteenth Amendment, provides:

 The right of the people to be secure in their persons,
 houses, papers, and effects, against unreasonable searches
 and seizures, shall not be violated, and no Warrants shall
 issue, but upon probable cause, supported by Oath or
 affirmation, and particularly describing the place to be
 searched, and the persons or things to be seized.

 U.S. CONST. amend. IV.

¶ 15 Subject “to a few specifically established and well-delineated exceptions,” the

 Fourth Amendment protects an individual’s privacy interests by prohibiting officers

 from conducting a search without a valid warrant based on probable cause. Coolidge

 v. New Hampshire, 403 U.S. 443, 455, 29 L. Ed. 2d 564, 576 (1971).

¶ 16 A “search” under the Fourth Amendment occurs in one of two circumstances.

 First, under the common law trespass theory, a search occurs upon a physical

 intrusion by government agents into a constitutionally protected area in order to

 obtain information. See United States v. Jones, 565 U.S. 400, 404-05, 181 L. Ed. 2d

 911, 918 (2012).
 STATE V. LANE

 2021-NCCOA-593

 Opinion of the Court

¶ 17 Secondly, under a reasonable expectation of privacy theory, a search occurs

 without a physical trespass, but the government invades a space to obtain

 information where an individual holds a reasonable expectation of privacy. See Katz

 v. United States, 389 U.S. 347, 351, 19 L. Ed. 2d 576, 582 (1967). The test under the

 reasonable expectation of privacy theory requires: (1) “the individual manifested a

 subjective expectation of privacy in the object of the challenged search[;]” and, (2)

 “society is willing to recognize that expectation as reasonable.” Kyllo v. United States,

 533 U.S. 27, 33, 150 L. Ed. 2d 94, 101 (2001).

¶ 18 Our Supreme Court has held: “Before [a] defendant can assert the protection

 afforded by the Fourth Amendment, however, he must demonstrate that any rights

 alleged to have been violated were his rights, not someone else’s.” State v. Mlo, 335

 N.C. 353, 377, 440 S.E.2d 98, 110 (1994) (citations omitted). Our Supreme Court

 further held: “A person’s right to be free from unreasonable searches and seizures is

 a personal right, and only those persons whose rights have been infringed may assert

 the protection of the Fourth Amendment.” Id. (citations omitted).

¶ 19 “It is a general rule of law in this jurisdiction that one may not object to a

 search or seizure of the premises or property of another.” State v. Greenwood, 301

 N.C. 705, 707, 273 S.E.2d 438, 440 (1981) (citations omitted).

¶ 20 “Standing requires both an ownership or possessory interest and a reasonable

 expectation of privacy.” State v. Stitt, 201 N.C. App. 233, 240, 689 S.E.2d 539, 547
 STATE V. LANE

 2021-NCCOA-593

 Opinion of the Court

 (2009) (internal quotation and citation omitted). “A defendant has standing to contest

 a search if he or she has a reasonable expectation of privacy in the property to be

 searched.” State v. McKinney, 361 N.C. 53, 56, 637 S.E.2d 868, 871 (2006) (2006).

 [T]he lack of property rights in an invaded area is not
 necessarily determinative of whether an individual’s
 Fourth Amendment rights have been infringed.
 Nonetheless, there are many instances in which the
 presence or absence of property rights in an invaded area
 are the best determinants of an individual’s reasonable
 expectations of privacy.

 State v. Alford, 298 N.C. 465, 471, 259 S.E.2d 242, 246 (1979) (internal citations

 omitted).

¶ 21 Defendant asserts he has standing to challenge the search of a moving motor

 vehicle on a public highway both under a common law trespass theory established

 under Jones and under a reasonable expectation of privacy theory under Katz.

 A. Common Law Trespass

¶ 22 Here, Detective Mitchell monitored the vehicle’s location. In Jones, the

 Supreme Court of the United States held the physical attachment of a GPS tracking

 device to the defendant’s vehicle is a trespass. Jones, 565 U.S. at 404-05, 181 L. Ed.

 2d at 918. The majority utilized a trespass-based rationale holding “the

 Government’s installation of a GPS device on a target’s vehicle and its use of that

 device to monitor the vehicle’s movements, constitutes a ‘search.’” Id. While

 Defendant here has shown the use of real time GPS tracking is a search, the GPS
 STATE V. LANE

 2021-NCCOA-593

 Opinion of the Court

 tracking device in Jones was planted on the defendant’s vehicle after a court’s

 allowance and outside of the approved area authorized by the court order. Id. at 403,

 181 L. Ed. 2d at 917. The asserted intrusion before us was based on probable cause

 conducted within the time frame and geographic area authorized by the court order.

 See also State v. Perry, 243 N.C. App. 156, 163-64, 776 S.E.2d 528, 534 (2015) (“A

 court order compelling disclosure pursuant to 18 U.S.C. § 2703(d) [(2018)] ‘shall issue

 only if the governmental entity offers specific and articulatable facts showing there

 are reasonable grounds to believe that the contents of a wire or electronic

 communication, or in the records or other information sought, are relevant and

 material to an ongoing criminal investigation.’”).

¶ 23 Unlike in Jones, Defendant’s status in the vehicle is not clear. Defendant is

 not the owner of the Acura and was not an individual authorized by the owner. The

 owner of the vehicle allowed Evans, the original target of the narcotics investigation

 to use her vehicle. Defendant asserts he has rights in the Acura, consistent with a

 bailee of the vehicle, to support standing. Defendant further asserts he was in control

 of the trip, he knew what location to go, and who to meet to purchase the heroin.

 Evans was included in the trip for money to purchase the heroin and to meet the

 contact in New York for future buying trips. The State concedes Defendant had

 permission to drive the Acura from Evans, “any driving that was taking place was

 going on with the permission of Mr. Evans.”
 STATE V. LANE

 2021-NCCOA-593

 Opinion of the Court

¶ 24 A bailment has traditionally been defined as: “A delivery of personal property

 by one person (the bailor) to another (the bailee) who holds the property for a certain

 purpose, usu. under an express or implied-in-fact contract. Unlike a sale or gift of

 personal property, a bailment involves a change in possession but not in title.”

 Bailment, BLACK’S LAW DICTIONARY (11th ed. 2019).

¶ 25 “A bailment is created upon the delivery of possession of goods and the

 acceptance of their delivery by the bailee. Delivery by the bailor relinquishing

 exclusive possession, custody, and control to the bailee is sufficient.” Fabrics, Inc. v.

 Delivery Service, 39 N.C. App. 443, 447, 250 S.E.2d 723, 726 (1979) (citations

 omitted). “[T]he obligation to redeliver or deliver over the property at the termination

 of the bailment on demand is an essential part of every bailment contract.” Hanes v.

 Shapiro, 168 N.C. 24, 31, 84 S.E. 33, 36 (1915).

¶ 26 Here, Defendant offered no evidence of delivery of possession and acceptance

 to establish a bailment. There is no evidence Defendant had exercised possession and

 exclusive control of Harris’ vehicle. While Defendant knew the route and may have

 done the majority of the driving, it was in a vehicle Harris owned and that Evans

 supplied and remained within during the entire trip. Under the common law trespass

 theory, the trial court properly ruled Defendant does not have standing to challenge

 the GPS tracking device. Defendant drove Harris’ vehicle for the trip at the discretion

 of Evans, who was present in the vehicle throughout the trip. Defendant’s argument
 STATE V. LANE

 2021-NCCOA-593

 Opinion of the Court

 is overruled.

 B. Reasonable Expectation of Privacy

¶ 27 In Katz, the Supreme Court of the United States held the installation of a

 listening device into a public telephone booth without a warrant was an

 unconstitutional search. Katz, 389 U.S. at 351, 19 L. Ed. 2d at 582. “It must always

 be remembered that what the Constitution forbids is not all searches and seizures,

 but unreasonable searches and seizures.” State v. Scott, 343 N.C. 313, 328, 471 S.E.2d

 605, 614 (1996) (citation omitted). The State argues Defendant cannot assert any

 reasonable expectation of privacy in Harris’ Acura. This Court stated: “temporary

 occupancy or temporary use of property does not automatically create an expectation

 of privacy in that property.” State v. Boyd, 169 N.C. App. 204, 207, 609 S.E.2d 785,

 787 (2005).

¶ 28 In Carpenter v. United States, __ U.S. __, __, 201 L. Ed. 2d 507, 515-16 (2018),

 where agents investigating a string of robberies obtained cell phone records of cell

 site data under a third-party communications order for a 127-day period and a

 separate 7-day period, the Supreme Court of the United States held it was “an

 unreasonable search and seizure when [the Fourth Amendment] was adopted.” Id.

 at __, 201 L. Ed. 2d at 517-18 (citation and internal quotation marks omitted).

¶ 29 Here, officers were monitoring the travel of a suspected heroin trafficker based

 upon a court order issued specifically for this vehicle for a limited duration issued on
 STATE V. LANE

 2021-NCCOA-593

 Opinion of the Court

 a showing of probable cause. While Defendant may have rested between stints

 driving the Acura, he has pled no facts to establish a heightened level of privacy while

 riding in a moving vehicle on a public highway, as a regular visitor or occupant of a

 dwelling. See Minnesota v. Olson, 495 U.S. 91, 96-97, 109 L. Ed. 2d 85, 93 (1990)

 (holding “that [a defendant’s] status as an overnight guest is alone enough to show

 that he had an expectation of privacy in the home that society is prepared to recognize

 as reasonable.”); Minnesota v. Carter, 525 U.S. 83, 90, 142 L. Ed. 2d 373, 393 (1998)

 (“[The defendants] were . . . not overnight guests, but were essentially present for a

 business transaction and were only in the home a matter of hours. There is no

 suggestion that they had a previous relationship with [tenant of the apartment], or

 that there was any other purpose to their visit. Nor was there anything similar to

 the overnight guest relationship in Olson to suggest a degree of acceptance into the

 household. While the apartment was a dwelling place for [the tenant of the

 apartment], it was for [the defendants] simply a place to do business.”).

¶ 30 “A person traveling in an automobile on public throughfares has no reasonable

 expectation of privacy in his movements from one place to another.” United States v.

 Knotts, 460 U.S. 276, 281, 75 L. Ed. 2d 55, 62 (1983) (emphasis supplied). For

 Defendant, the Acura was a vehicle for a trip to conduct a heroin transaction.

 Defendant did not have a reasonable expectation of privacy to confer standing to

 challenge the court order issued on probable cause. See Stitt, 201 N.C. App. at 240,
 STATE V. LANE

 2021-NCCOA-593

 Opinion of the Court

 689 S.E.2d at 547. Defendant’s argument is overruled.

 VI. Conclusion

¶ 31 The trial court correctly concluded Defendant did not have standing to

 challenge the placement of the GPS tracking device on a vehicle he did not own under

 a court order based upon probable cause. Defendant has no recognizable legal

 interests in a vehicle he did not own and was not given authority by the owner to use.

¶ 32 The order of the trial court is affirmed. The judgments and sentences entered

 upon Defendant’s guilty plea remain undisturbed. It is so ordered.

 AFFIRMED.

 Chief Judge STROUD and Judge INMAN concur.